Malcolm PRIMROSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 69736.

Court of Criminal Appeals of Texas, En Banc.

Feb. 25, 1987.

Jim W. James, Bryan, for appellant.

Bill Turner, Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**PER CURIAM.**

Appellant is under indictment for the offense of capital murder. This is a purported appeal from an order denying appellant pretrial bail pursuant to Art. 1, § 11 of the Texas Constitution.

Appellant was indicted on December 5, 1986, for murder in the course of burglary of a habitation, allegedly committed on the previous November 25. V.T.C.A. Penal Code, § 19.03(a)(2). On December 9, the State filed a motion to hold appellant without bail. A hearing was held pursuant to that motion on December 12, at the conclusion of which the State's motion was granted. Appellant filed a written notice of appeal on December 16, but did not designate in what court he intended to proceed. An appellate brief was filed with the Clerk of this Court on January 28, 1987. The cause was submitted on briefs and oral argument by appellant February 18, 1987.

In his brief appellant argues that the State failed to meet its burden of proof to establish "the proof is evident" that in the event he is convicted of capital murder, a jury would answer the special issues in Art. 37.071, V.A.C.C.P., affirmatively. See, e.g., *Ex parte Derese*, 540 S.W.2d 332 (Tex.Cr.App.1976). We decline to reach the merits of this contention, however, because we find the appeal is not properly before this Court.

In *Beck v. State*, 648 S.W.2d 7 (Tex.Cr.App.1983), the capital murder defendant sought appellate relief in this Court after the district court refused to set bail upon his application for habeas corpus. He had already brought an appeal in the First Court of Appeals, but that court, relying on *Clapp v. State*, 639 S.W.2d 949 (Tex.Cr.App.1982), "disclaimed jurisdiction to entertain an appeal from the order in the habeas corpus proceedings denying bail." 648 S.W.2d at 8. We found that the court of appeals misinterpreted our decision in *Clapp v. State*, supra. In *Clapp* we held that "in cases dealing with appeals from orders denying bail pursuant to Art. I, § 11a [of the Texas Constitution], this Court will have exclusive jurisdiction."[1] 639 S.W.2d at 952. In *Beck*, however, as in the instant case, denial of bail was ordered pursuant to Art. I, § 11, rather than Art. I, § 11a. Art. I, § 11 contains no proviso, as does Art. I, § 11a, expressly according a right of appeal to the Court of Criminal Appeals. Therefore, following an order denying bail pursuant to Art. I, § 11, appel-

1. All emphasis supplied.

late jurisdiction lies in the court of appeals under the general jurisdictional provisions of Article V, §§ 5 and 6 of the Texas Constitution,[2] and in *Beck* we so held. See also Tex.R.App.Pro.Rule 44.[3]

Accordingly, the purported appeal to this Court in the instant cause is dismissed.

ONION, Presiding Judge, concurring.

I concur in the result reached that this Court has no jurisdiction of this matter and that the purported appeal to this Court should be dismissed. I do not join footnote #3 of the majority opinion. If this Court does not have jurisdiction and dismisses a purported appeal, we should not express a first time opinion that, absent a habeas corpus proceeding, an appeal lies from the order entered herein. That decision should be made in these proceedings.

2. Nor does this Court have jurisdiction of this appeal by simple virtue of the fact that it is ancillary to a capital murder prosecution. Art. V, § 5, supra, provides that "appeal of all cases in which the death penalty *has been assessed* shall be to the Court of Criminal Appeals."

3. The State in its reply brief, citing Arts. 11.23 and 11.41, V.A.C.C.P., argues that "habeas corpus is the proper vehicle for people held without bail under indictment for a capital offense," and that the "appeal should be dismissed with instructions for [a]ppellant to seek the recognized and proper method of review, i.e., habeas corpus." However, Rule 44(a), supra, clearly contemplates direct appeals "in habeas corpus *and bail proceedings....*" That appeal is to be "taken to the court of appeals," Rule 44(b), supra, and the decision rendered by that court may then be subject to discretionary review by this Court. Rule 44(e), supra.