**Robert L. CLARK, Relator,**

v.

**The Honorable Jim BARR, Judge of the 337th District Court of Harris County, Texas and Katherine Tyra, District Clerk of Harris County, Texas, Respondents.**

**No. 01–91–01007–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 19, 1992.

Loren A. Detamore, Houston, for relator.

John B. Holmes, Houston, for respondents.

Before WILSON, DUGGAN and MIRABAL, JJ.

OPINION

WILSON, Justice.

Relator, Robert L. Clark, seeks mandamus relief from this Court to compel respondent, Judge Jim Barr, to set a pretrial bond in an amount relator can afford, or, in the alternative, to compel Judge Barr to allow relator an appeal from his order denying relator's motion to reduce his bond. Relator also requests this Court to compel Judge Barr to direct respondent, Katherine Tyra, and the court reporter to prepare an appellate record from the bail proceeding.

In an opinion dated November 26, 1991, this Court overruled relator's motion for leave to file a petition for writ of mandamus. After relator filed a motion for rehearing, we granted that motion, withdrew our November 26, 1991, opinion, and granted relator's motion for leave to file a petition for writ of mandamus. We also set briefing schedules in the mandamus proceeding. The respondents have not filed a brief. We now conditionally grant the writ.

Relator is incarcerated under an indictment for delivery of a controlled substance. Pursuant to Tex.R.App.P. 44(a), relator timely filed a notice of appeal from the trial court's order denying relator's motion to reduce his bond. The trial court "denied" relator's notice of appeal, and the district

clerk has not prepared a transcript of the bond proceedings, and forwarded it to this Court.

A party may obtain a writ of mandamus if he can establish that the act sought to be compelled is purely ministerial, and that he has no other adequate remedy at law. *Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986, orig. proceeding). Mandamus will issue to compel vacation of an improper order refusing permission to appeal when the relator has the right to an appeal. *See Homan*, 708 S.W.2d at 452–53.

Here, the relator has the right to an appeal from the trial court's order denying his motion to reduce bond. *See Primrose v. State*, 725 S.W.2d 254, 256 n. 3 (Tex. Crim.App.1987) (rule 44(a) allows direct appeals in bail proceedings); TEX.R.APP.P. 44(a); *see also Ex parte Reese*, 666 S.W.2d 675, 677 n. 2 (Tex.App.—Fort Worth 1984, pet. ref'd). Mandamus will lie to compel the trial court to vacate the improper order refusing permission to appeal. *See Homan*, 708 S.W.2d at 452. Therefore, relator is entitled to mandamus relief.

Relator requests this Court to set bond in an amount he can afford. This Court has no authority to grant this relief. Pursuant to rule 44(a), this Court has the authority to review the trial court's ruling denying relator's motion to reduce bond. Therefore, we conditionally grant the alternative relief requested in relator's petition for writ of mandamus to the extent he requests us to compel Judge Barr to vacate by written order his denial of relator's appeal. The writ will issue only if Judge Barr does not vacate by written order his denial of relator's notice of appeal. The appellate timetable under rule 44(a) shall begin to run on the date that Judge Barr signs a written order vacating his denial of relator's appeal.

The other relief requested by relator is denied as premature. *See* TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1988).