NUMBERS 13-01-360-CR and 13-01-361-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



EX PARTE: RAMIRO SALDANA


On appeal from the 347th District Court

of Nueces County, Texas.

 


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez


This case involves two separate accelerated appeals: one from an order denying appellant's, Ramiro Saldana, pre-trial
motion to reduce bond; and, the other from an order denying relief requested in an application for writ of habeas corpus. 
Appellant raises three identical issues in each appeal complaining that: (1) the bond set by the trial court is too high and
oppressive; (2) the bond should be reduced to a personal recognizance bond because the State was not ready for trial within
ninety days of appellant's detention; and, (3) the bond was illegally raised from $500,000 to $1,000,000. We dismiss
appellant's appeal of the motion to reduce bond, and affirm the denial of relief requested in the application of writ of habeas
corpus.

On December 28, 2000, a Nueces County justice court issued a warrant for appellant's arrest on the charges of capital
murder. Appellant surrendered himself after a warrant was issued for his arrest. Appellant was charged with capital
murder for allegedly murdering, or participating in the murder of, two persons in Nueces County, in a single criminal
transaction. The magistrate judge set appellant's pre-trial bond at $500,000. On January 11, 2001, the justice court held an
examining trial, wherein the court found probable cause to hold appellant on the charge of capital murder and denied
reduction of the $500,000 bail. Later, a grand jury issued an indictment charging appellant with capital murder, murder,
and engaging in organized criminal activity, and set bail at $1,000,000. Appellant filed a motion for bail reduction and an
application for writ of habeas corpus asking that the trial court reduce the bond. After an evidentiary hearing, the trial court
denied both the motion for bail reduction and the relief requested in the application for writ of habeas corpus. Appellant
appeals, by separate cause numbers, both the denial of the motion for bail reduction and the denial of relief requested in the
application for writ of habeas corpus. We address each cause individually.
CAUSE NUMBER 13-01-361-CR:

MOTION FOR BAIL REDUCTION


Appellant filed a motion for release by bail reduction with the trial court, alleging that he has been incarcerated for more
than ninety days and arguing, therefore, that bail reduction is required by article 17.151 of the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2001). The State argues that we do not have jurisdiction over
the appeal of the denial of the motion for bail reduction. Accordingly, we first examine our jurisdiction to consider this
appeal.

Article 44.02 of the Code of Criminal Procedure provides in pertinent part that a "defendant in any criminal action has the
right to appeal under the rules hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). "The courts
of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by
law." Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The issue of whether the courts of appeal have, by
law, been expressly granted jurisdiction over the review of interlocutory orders regarding bail has been examined by several
courts.

In Primrose v. State, the trial court granted the State's motion to hold the defendant without bail pending his trial for capital
murder under the provisions of article I, section 11 of the Texas Constitution. Primrose v. State, 725 S.W.2d 254, 255
(Tex. Crim. App. 1987) (per curiam); Tex. Const. art. I, § 11. The defendant filed a direct appeal from this order with the
court of criminal appeals. Primrose, 725 S.W.2d at 255. The Court noted that former appellate rule 44 "clearly
contemplates direct appeals 'in habeas corpus and bail proceedings. . . .'" Id. at 256 n.3 (quoting former Tex. R. App. P.
44(a)); see also Tex. R. App. P. 31.1. We note, however, that the Primrose court did not address the long-standing rule,
which was later re-affirmed in other cases, that appellate courts do not have jurisdiction over interlocutory criminal appeals
unless expressly provided by statute. See Apolinar, 820 S.W.2d at 794;accord Ex parte Wright, 40 Tex. Crim. 135, 136-37,
49 S.W. 104, 104 (1899). We also note that the court of criminal appeals had held on several occasions, prior toPrimrose,
that appellate courts did not have jurisdiction to hear direct appeals of pre-trial bail rulings. See Ex parte Bice, 105 Tex.
Crim. 484, 485, 289 S.W. 43, 43 (1926); Ex parte Wright, 49 S.W. at 104; but cf. Merwin v. State, 171 Tex. Crim. 279,
280, 347 S.W.2d 722, 723 (1961) (affirming trial court's pre-trial refusal to reduce bail in direct appeal). 

The First Court of Appeals has expressly followed Primrose. Clark v. Barr, 827 S.W.2d 556, 557 (Tex. App.-Houston [1st
Dist.] 1992, orig. proceeding). The Fort Worth and Dallas courts have also recognized a "narrow" exception allowing
interlocutory appeals in cases where the trial court has denied a motion to reduce bail. Wright v. State, 969 S.W.2d 588, 589
(Tex. App.-Dallas 1998, no pet.); McKown v. State, 915 S.W.2d 160, 161 (Tex. App.-Fort Worth 1996, no pet.). The
Austin and Waco courts, however, have concluded that footnote 3 in Primrose is merely "dictum" which improperly
enlarges the substantive right of appeal granted criminal defendants by the Legislature. Benford v. State, 994 S.W.2d 404,
409 (Tex. App.-Waco 1999, no pet.); Ex parte Shumake, 953 S.W.2d 842, 846 (Tex. App.-Austin 1997, no pet.).

This Court does not have jurisdiction over interlocutory appeals in criminal cases unless our jurisdiction is "expressly
granted by law." Apolinar, 820 S.W.2d at 794;accord Wright, 969 S.W.2d at 589; Shumake, 953 S.W.2d at 844; McKown,
915 S.W.2d at 161. Although the court in Apolinar employed the broad term "law" as the granting mechanism for our
jurisdiction, we note that the court examined the statutes to determine whether any "law" granted appellate courts
jurisdiction "over a special plea [of double jeopardy] before a final judgment has been entered." Apolinar, 820 S.W.2d at
794. The Apolinar court found no such statutory provision and held that appellate courts do not have jurisdiction over such
cases until after a final judgment of conviction. Id.

Accordingly, we hold that we have no jurisdiction over an interlocutory appeal unless a statute expressly grants such
authority. Id.; Wright, 969 S.W.2d at 589;Shumake, 953 S.W.2d at 844; McKown, 915 S.W.2d at 161. No statute vests this
Court with jurisdiction over direct appeals of pre-trial bail rulings. Further, it is clear that under its rule-making authority,
the court of criminal appeals cannot enlarge the right of appeal as it indicated in Primrose. See Tex. Gov't Code Ann. §
22.108(a) (Vernon Supp. 2001). Therefore, we find that footnote 3 in Primrose is merely dictum and is not controlling;
and, absent statutory authority, we decline to read footnote 3 so broadly as to provide for a direct appeal in all bail
proceedings. Accordingly, we dismiss appellate cause number 13-01-361-CR for want of jurisdiction.

CAUSE NUMBER 13-01-360-CR

APPEAL OF DENIAL OF RELIEF IN APPLICATION FOR WRIT OF HABEAS CORPUS

Appellant filed a pre-trial application for writ of habeas corpus, alleging that his restraint was illegal due to an excessive
bond, and asking that the bond be reduced. Following a hearing, the trial court denied relief and kept the bail at $1,000,000.

In his first issue, appellant complains the trial court abused its discretion and violated appellant's right under the Eighth
Amendment of the U.S. Constitution and article 1, sections 11, 11A, and 13 of the Texas Constitution in setting bail at
$1,000,000. Appellant asks this Court to reduce the bail to $10,000. (1)

We review the trial court's decision based on an abuse of discretion standard. Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon Supp. 2001); Ex parte Milburn, 8 S.W.3d 422, 424 (Tex. App.-Amarillo 1999, no pet.). A trial court abuses its
discretion when it either renders an arbitrary and unreasonable opinion, or acts without reference to any guiding rules and
principles. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1991).

The primary purpose of an appearance bond is to secure the presence of the defendant in court. See, e.g., Ex parte
Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim.
App. 1977); Ex parte Brown, 959 S.W.2d 369, 371 (Tex. App.-Fort Worth 1998, no pet.). Historically and constitutionally,
bail balances the presumption of innocence of the accused with the compelling interest of the State that the accused appear
to answer the accusation against him. Balboa v. State, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981). Bail should not be so
excessive as to guarantee the defendant's appearance, but only to give a reasonable assurance that the defendant will appear
at trial. See, e.g., Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980); Vasquez, 558 S.W.2d at 479; Brown v. State,
11 S.W.3d 501, 502 (Tex. App.-Houston [14th Dist.] 2000, no pet.). The person seeking the reduction has the burden of
demonstrating the bail set is excessive. Ex parte Rodriguez, 595 S.W.2d at 550. 

In determining the amount of bail to set, the trial court shall be guided by the following rules: (1) bail shall be sufficiently
high to give reasonable assurance the undertaking will be complied with; (2) the power to require bail is not to be so used
as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed
are to be considered; (4) the accused's ability to make bail is to be regarded, and proof may be taken upon this point; and (5)
the future safety of the victim of the alleged offense and the community shall be considered. Tex. Code Crim. Proc. Ann.
art. 17.15 (Vernon Supp. 2001); DePena v. State, 56 S.W.3d 926, 927 (Tex. App.-Corpus Christi 2001, no pet.). 
Circumstances to be considered in determining the amount of bail include the accused's work record, family and
community ties, length of residency, prior criminal record, and conformity with the conditions of any previous bond, as
well as the existence of any outstanding bonds and aggravating circumstances involved in the charged offense. Ex Parte
Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981). 

On appeal, appellant asks this Court to reduce his bond to $10,000, alleging that he has no assets and his family's financial
resources are limited. However, the ability of an accused to post bond is merely one factor to be considered in determining
the appropriate bail. See Ex parte Vance, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980); Charlesworth, 600
S.W.2d at 317. Simply because a defendant cannot meet the bond set by the trial court does not automatically render the
bail excessive. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond
would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." 
Miller v. State, 631 S.W.2d 825, 827 (Tex. App.-Fort Worth 1982, pet. ref'd). The amount of bail must also be based on
the nature of the offense and the circumstances under which it was committed. See Ex parte Davila, 623 S.W.2d 408, 410
(Tex. Crim. App. [Panel Op.] 1981); Miller, 631 S.W.2d at 827. Furthermore, in considering the nature of the offense, it is
proper to consider the possible punishment. Ex parte Rodriguez, 595 S.W.2d at 550; Charlesworth, 600 S.W.2d at 317. 

In the instant case, the nature of the offense is a brutal, gang-related murder in which each of the two victims received two
shots to the head. The circumstances of the offense as set forth in the indictment and the transcript of the examining trial
depict a violent, unprovoked killing and demonstrate an appalling lack of concern for human life. If convicted, appellant
faces life imprisonment or the death penalty. SeeTex. Pen. Code Ann. § 12.31(a) (Vernon 1994).

Regarding appellant's assertion that the amount of bail in the present case is so high as to make it an instrument of
oppression, we note that this factor may be analyzed by looking at the amount of bond in relation to bonds set for other
crimes. Ex parte Emery, 970 S.W.2d 144, 146 (Tex. App.-Waco 1998, no pet.). We have reviewed other cases in which
similar amount bonds were reduced, but recognize that in many of these cases, the facts and circumstances surrounding the
crime were not developed at the hearing on the application for writ of habeas corpus. Compare Ludwig v. State, 812
S.W.2d 323, 325 (Tex. Crim. App. 1991) (bond reduced from $1,000,000 to $ 50,000 in capital murder case where
circumstances of the offenses were not developed at habeas hearing); Smithwick v. State, 880 S.W.2d 510, 511 (Tex.
App.-San Antonio 1994, no pet.) (bond reduced from $500,000 to $100,000 in case involving murder and injury to a child
where facts surrounding the offenses were not developed at habeas hearing); Ex parte McDonald, 852 S.W.2d 730, 735-36
(Tex. App.-San Antonio 1993, no pet.) (bond reduced in capital murder case from $1,000,000 to $75,000 where facts
surrounding the offense were not developed at habeas hearing). In the present case, we have sufficient facts in the record
before us to determine the extremely violent nature of the offense.

Nevertheless, appellant argues that his bond should be reduced because he is a lifetime resident of Corpus Christi, who
voluntarily surrendered himself upon discovering that a warrant was outstanding for his arrest. Appellant is a twenty-five
year-old husband and father of one, who was, until the time of his incarceration, employed as a carpet layer in Corpus
Christi. He contends that his family and community ties to the area are sufficient to warrant a bond reduction.

With regard to appellant's ability to make bond, we note that appellant's family was able to secure his release by posting a
$500,000 bond prior to the indictment being handed down. While appellant argues that his family no longer has the ability
to raise any more money to post such a bond, appellant concedes in his brief that the bail bond company that posted
appellant's bond might be willing to post another bond on his behalf, without the necessity of posting additional security. 
This provides some evidence of appellant's ability to post a substantial bond.

Further, recognizing that the primary purpose of an appearance bond is to give reasonable assurance of the accused's
presence at trial, we hold that the trial court did not abuse its discretion in setting bond at $1,000,000. If appellant fails to
appear at trial, it is his family's assets and savings that are at risk rather than his own, which may provide appellant with
little or no incentive to appear at trial. Additionally, appellant's prior conviction for fleeing from a police officer is some
indication that appellant may pose a flight risk.

More importantly, it appears from the record that the trial court may have had serious concerns about the future safety of
the community. The affidavits submitted by the State show that appellant is a gang member of the Raza Unida gang, and
that the State's key witness feared for her life. Further, the record reveals that appellant has numerous arrests for violent
offenses, and has convictions for robbery, fleeing from a police officer, and criminal mischief. Appellant's robbery
conviction resulted in him receiving community supervision, which he did not successfully complete. As noted above, he
faces life in prison or the death penalty if convicted. Under the circumstances of this case, the trial court did not abuse its
discretion in setting the bond at $1,000,000, as appellant may pose a flight risk or a danger to the community, if bond is
reduced.

Although the bail amount is high, appellant has failed to demonstrate that the bail set is excessive. Appellant's first issue is
overruled.

In appellant's second issue, he complains that his bond amount should be reduced pursuant to article 17.151 of the code of
criminal procedure, because the State was not ready for trial within ninety days of appellant's detention. In his third issue,
appellant complains that, under article 17.09, his bond was illegally raised from $500,000 to $1,000,000. The State,
however, responds that appellant has waived these alleged errors by failing to include these grounds in his application for
writ of habeas corpus. We agree. This Court has previously held that when an issue is not specifically included in an
application for writ of habeas corpus, said issue may not be raised for the first time on appeal. Ex Parte Torres, 941
S.W.2d 219, 220 (Tex. App.-Corpus Christi 1996, pet. ref'd). Accordingly, we overrule issues two and three. (2) 

Having reviewed the record, we conclude appellant has not met his burden of showing the bond was excessive. See Ex
parte Rodriguez, 595 S.W.2d at 550. Thus, the trial court did not abuse its discretion in setting appellant's bond at
$1,000,000.See Ex parte Welch, 729 S.W.2d at 310; Ex parte Brown, 959 S.W.2d at 373.

We affirm the trial court's order denying habeas corpus relief in cause number 13-01-360-CR.

_________________ 

ROGELIO VALDEZ

Chief Justice





Do Not Publish.

Tex. R. App. P. 47.3(b).





Opinion delivered and filed

this 24th day of January, 2002.

1. Although the State has not challenged our jurisdiction to hear the appeal of the denial of habeas corpus relief, we
nevertheless note that habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted
by the presentation of an indictment or other forms of the State's pleadings. Ex parte Shumake, 953 S.W.2d 842, 846 n.8
(Tex. App.-Austin 1997, no pet.). Such habeas corpus proceedings should be docketed separately from the substantive
cause and given a different cause number; however, failure to docket habeas corpus proceedings separately is a common
mistake of the bench and bar and the court clerks of this State. Id. Therefore, an appeal from an order denying relief is not
an interlocutory appeal from the substantive cause arising out of an indictment, felony information, or complaint and
information, but rather, "[a]n order denying relief on the merits isa final judgment in the habeas corpus proceedings and is
immediately appealable by the unsuccessful petitioner with regard to those matters properly raised by the pretrial habeas
corpus petition and addressed by the trial court." Id. (quoting 43 George E. Dix and Robert O. Dawson, Criminal Practice
and Procedure, § 47.40 at 585 (Texas Practice 1995)) (emphasis added). 

2. We acknowledge that appellant did raise the argument contained in issue two through his motion for reduction of bond;
however the denial of said motion was appealed separately by cause number 13-01-361-CR, which we dismiss for want of
jurisdiction.