NUMBER
13-01-296-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

GABRIEL
RAMOS,                                                               Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

     On appeal from the 347th District
 Court of Nueces County, Texas.

 

 

                                   O P I N I O N

 

                      Before Justices Dorsey,
Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 

In a single issue,
appellant Gabriel Ramos contends the trial court abused its discretion in
denying his pre-trial motion to reduce bail set in the amount of one million
dollars.  We affirm.

                                                      Background  








On March 16, 2001,
appellant was charged by indictment[1]
with the offenses of capital murder,[2]
murder,[3]
and engaging in criminal activity.[4]  On March 15, 2001, he filed a AMotion for Bail
Reduction,@ and following a hearing
on March 23, 2001, the trial court denied the motion.[5]  On April 5, 2001, appellant filed a AMotion for Release by
Bail Reduction@ based on article 17.151
of the code of criminal procedure,[6]
which was heard on April 19, 2001 and denied the same day.[7]  On April 30, 2001, appellant filed a notice
of appeal, in which he appeals the AOrder Denying Reduction
in Pretrial Bail.@[8]








The State contends that:
(1) this Court lacks jurisdiction over this appeal because  appellate courts do not have jurisdiction
over interlocutory criminal appeals unless such jurisdiction is expressly
provided by statute; (2) the record contains no written orders denying
appellant=s motions and the docket
sheet entries cannot satisfy the requirements of a written order; (3) appellant
failed to timely appeal the denial of his March 15, 2001 motion; and (4) the
trial court did not abuse its discretion in denying appellant=s April 5, 2001 motion
because the State made a prima facie showing that it was ready for trial
within the statutory time limit, which appellant failed to rebut.

                                                      Jurisdiction

The State contends this
Court lacks jurisdiction to address this appeal because the order denying
appellant=s motion to reduce bail
is an interlocutory order for which appellate courts have not been expressly
granted jurisdiction to review. 
Accordingly, we begin by addressing our jurisdiction.








In support of its
position that this Court lacks jurisdiction because no statute expressly vests
courts of appeals with jurisdiction over a direct appeal of a pre-trial bail
ruling, the State cites Benford v. State, 994 S.W.2d 404, 409 (Tex. App.BWaco 1999, no pet.), and
Ex parte Shumake, 953 S.W.2d 842, 846 (Tex. App.BAustin 1997, no
pet.).  In Benford, the Waco Court
of Appeals held that it lacked jurisdiction to consider an interlocutory appeal
of a pre-trial ruling increasing bail on grounds that absent an express
statutory grant of such jurisdiction, the court lacked such jurisdiction.  See Benford, 994 S.W.2d at 409.  In its analysis, the Benford court
noted that the court of criminal appeals has Asuggested that article I, sections 5 and 6 of the
Texas Constitution confers jurisdiction on the appellate courts over appeals
from pre-trial bail determinations.@  Benford, 994 S.W.2d at 409 (citing Primrose
v. State, 725 S.W.2d 254, 255-56 (Tex. Crim. App. 1987) (per curiam)).  In Primrose, the court of criminal
appeals held that it had no direct appellate jurisdiction over the appeal of an
order denying bail in a capital case pursuant to article I, section 11 of the
Texas Constitution.  Primrose, 725
S.W.2d at 255-56.[9]  In a footnote, the Primrose court
noted that A[former appellate rule
44 (now appellate rule 31)][10]
clearly contemplates direct appeals >in habeas corpus and
bail proceedings. . . .=  That appeal is to be >taken to the court of
appeals=@ Id. at 256 n.3 (emphasis in
original).[11]









In discussing cases
since Primrose, the Benford court stated that the First Court of
Appeals is the Aonly court which has expressly
followed Primrose.@  Benford, 994 S.W.2d at 409 (citing Clark v. Barr,
827 S.W.2d 556, 557 (Tex. App.BHouston [1st Dist.]
1992, orig. proceeding)).  The Benford
court noted, however, that A[t]he Fort Worth and
Dallas courts have agreed somewhat, recognizing a >narrow= exception allowing
interlocutory appeals in cases where the trial court has denied a motion to
reduce bail.@  Id. (citing Wright v.
State, 969 S.W.2d 588, 589 (Tex. App.BDallas 1998, no pet.); McKown
v. State, 915 S.W.2d 160-61 (Tex. App.BFort Worth 1996, no
pet.)); see also Saliba v. State, 45 S.W.3d 329, 329 (Tex. App.BDallas 2001, no pet.)
(holding appeal of denial of motion to reduce bond is among Anarrow exceptions@ to general rule
requiring conviction before a defendant may appeal); Bridle v. State, 16
S.W.3d 906, 907 n.1  (Tex. App.BFort Worth 2000, no
pet.) (same).  After analyzing the issue
and citing favorably the reasoning of the Austin Court of Appeals in Shumake,
the Benford court concluded that it had no jurisdiction over the appeal
of a pre-trial order increasing bail because no statute expressly grants the
courts of appeals with jurisdiction over direct appeals of pre-trial bail
rulings.  Benford, 994 S.W.2d at
409.

In Shumake, the
Austin Court of Appeals held it had no jurisdiction over an appeal of a
pre-trial order granting the State=s motion to increase
bail.  Shumake, 953 S.W.2d at
846-47.  The Shumake court held Athat the dictum in
Primrose is not controlling and [we] decline to read its footnote 3 broadly
to provide for a direct appeal in all bail proceedings.@  Id. at 846.[12]  The court stated,

No consideration was
given [by the Primrose majority] to the possibility that construing Rule
44(a) as giving rise to a right to appeal an order not appealable under
pre-rules law might violate the prohibition upon the rules abridging, enlarging
or modifying the substantive rights of a litigant.

 

Id. at 846-47 (citations omitted).








We decline to follow the
Shumake court=s presumption that footnote
three in Primrose is merely Adictum@ that is Anot controlling@ on this Court.    Shumake, 953 S.W.2d at 846.  We conclude that rule of appellate procedure
31.1, which refers to Anotice of appeal from a
judgment or order in a habeas corpus or bail proceeding@ contemplates appeals of
orders in bail proceedings.  See Tex. R. App. P. 31.1; see also Ex
parte Johnson, 876 S.W.2d 340, 345 (Tex. Crim. App. 1994) (Baird, J.
concurring) (AThe Courts of Appeals
also have direct appellate jurisdiction of questions concerning whether bail is
excessive or unreasonable.@).  Moreover, without questioning or addressing
jurisdiction, this Court recently reversed and remanded a trial court=s order denying an
appellant=s pre-trial motion to
reduce bond, holding that the million-dollar bond was excessive.  See De Pena v. State, 56 S.W.3d 926,
927-28 (Tex. App.BCorpus Christi 2001, no
pet.).  Because jurisdiction is
fundamental, an appellate court must determine, sua sponte, whether it
has jurisdiction to consider an appeal.  Vega
v. Davila, 31 S.W.3d 376, 378 (Tex. App.BCorpus Christi 2000, no
pet.).  Thus, we conclude that this Court
had jurisdiction to consider the denial of the motion to reduce bond in De
Pena, and we follow De Pena in concluding that we have jurisdiction
in the present case.[13]  We hold that we have jurisdiction over the
order denying appellant=s motion to reduce
bail.  See De Pena, 56 S.W.3d at
927-28; Clark, 827 S.W.2d at 557; Wright, 969 S.W.2d at
589; McKown, 915 S.W.2d at 161; Saliba, 45 S.W.3d at 329; Bridle,
16 S.W.3d at 907 n.1.  

                                          Denial of Motion to
Release 








Appellant contends the
trial court erred in failing to either release him on personal bond or reduce
the amount of his bail because pursuant to 
article 17.151 of the code of criminal procedure, when the State is not
ready for trial within ninety days of a criminal defendant=s detention, the trial
court must release the defendant either on a personal bond, or by reducing the
amount of bail required.  Tex. Code Crim. Proc. Ann. art. 17.151 ' 1(1) (Vernon Supp.
2002);[14]
Rowe v. State, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993); Ex parte
Ancira, 942 S.W.2d 46, 47 (Tex. App.BHouston [14th Dist.]
1997, no pet.).  In his April 5, 2001 AMotion for Release by
Bail Reduction,@ appellant argues that
at the time of the filing of his motion, he had been confined since his
voluntary surrender on January 2, 2001, a period in excess of the ninety-day
statutory period.  








When a defendant
complains that the State is not ready to try the case within the statutory time
period, the State has the burden to make a prima facie showing of its
readiness.  Jones v. State, 803
S.W.2d 712, 717 (Tex. Crim. App. 1991); Ex parte Brosky, 863 S.W.2d 775,
778 (Tex. App.BFort Worth 1993, no
pet.).  Once the State has made its prima
facie showing of readiness by either announcing ready within the allotted
time, or by stating retrospectively that it had been ready within the allotted
time, it is the defendant's burden to rebut the State's showing in order to be
entitled to relief.  Jones, 803
S.W.2d at 718; Applewhite v. State, 872 S.W.2d 32, 34 (Tex. App.BHouston [1st Dist.]1994,
no pet.); Brosky, 863 S.W.2d at 778. 
It is not enough, however, for the State to appear in open court after
the running of the applicable period and declare itself at that time ready for
trial. See Jones, 803 S.W.2d at 717. 
Evidence rebutting the prima facie showing may be from any
source, including cross-examination of those responsible for preparing the
State's case, and may consist of, among other things, a demonstration that the
State did not have a key witness or piece of evidence available by the last day
of the applicable time limit.  See id.;
Applewhite, 872 S.W.2d at 34.  In
the absence of sufficient rebuttal, the trial court has the discretion to find
the State was timely ready for trial.  Jones,
803 S.W.2d at 719; Brosky, 863 S.W.2d at 778.   

Here, at the April 19,
2001 hearing on appellant=s motion, a discussion
took place regarding the setting of trial dates for appellant and other
defendants:

[Appellant=s counsel]: At this
point, Judge, as far as Mr. Ramos is concerned, depending on the court=s ruling on the motion
to release, we are not in any hurry for trial, but if the court does not rule
favorably, then we want the earliest setting possible.

 

[State]: Your Honor, Mr.
Sales [the prosecutor who was present at appellant=s March 23, 2001
hearing] asked me to advise you, tell the court that to announce ready, that he
will be available to try the case any time except the week of June 22 being
that=s a Friday. 

 

* * * * * 

 

[State]: Your Honor,
actually the statute that [appellant=s counsel] is relying on
states that if the State is not ready for trial for the criminal action for
which he is being detained from 90 days from the commencement of his
detention.  I wasn=t here at the prior
hearing, but I was informed by Mr. Sales that he had previously announced ready
and has never announced not ready.  So
under the statute, the State has never announced not ready.  I don=t believe this case has
ever been set for trial until today.

 

[Appellant=s counsel]: My
understanding is[15]
he did not announce ready at the last setting and requested a November trial
setting.  I think that would be reflected
in the record also.








We have reviewed the
record of the March 23, 2001 hearing. 
Although the record does not reflect that the State expressly announced
ready, it shows that the court, in discussing its docket, not the State
(as appellant=s counsel represented),
mentions a November trial date:

[Court]: . . . I have
spoken earlier with Denise and in November, I start a capital murder case.  May have another couple murder cases then in
May.  I believe it=s August another capital
murder that=s going, but I think
November I can start.

 

[Appellant=s counsel]: Depending on
the bail situation, that may be entirely too far off because if Mr. Ramos= bail is going to result
in his languishing in jail, we are going to move for speedy trial.  The State is really ready to go to trial
in this case.

 

[Court]: What we will do
is we will take up the hearing on the motion to reduce bail and we can talk
about setting a trial date.  

(emphasis
added).  

At the conclusion of the
March 23, 2001 hearing, the State offered five exhibits into evidence,
including appellant=s criminal history, Apen-pack,@ and exhibit number
five, containing Awitness statements and
police reports, autopsy reports regarding the capital murder case present
before the court.@  








Article 17.151 does not
require the State to Aannounce ready.@  Dixon v. State, 866 S.W.2d 115, 116
(Tex. App.BWaco 1993, no
pet.).  The question of the State's
"readiness" within the statutory limits refers to the preparedness of
the prosecution for trial.  Brosky, 863
S.W.2d at 778 (citing Behrend v. State, 729 S.W.2d 717, 720 (Tex. Crim.
App. 1987)).  We hold that the State made
a prima facie showing that it was ready for trial within the statutory
period.  See Dixon, 866 S.W.2d at 116; Jones,
803 S.W.2d at 718.  Accordingly, it
became appellant=s burden to rebut the
State=s showing of
readiness.  See Jones, 803 S.W.2d
at 718.  

Our review of the
record, however, reveals that appellant offered no evidence to rebut the State=s contention that it was
ready within the statutory time period. 
Therefore, having failed to meet his burden, appellant was not entitled
to release on a personal surety or to reduction of bail pursuant to article 17.151.  See Applewhite, 872 S.W.2d at 34.  

We hold the trial court
did not err in denying appellant=s motion for release
pursuant to article 17.151.  We affirm
the judgment of the trial court.    

 

                                                               
                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

 

Dissenting opinion by Justice

Errlinda
 Castillo

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 30th day of August, 2002.

 

 

------------------------------------------------------------------------------------------------------------------------------------------------------------

 



 




 
 
 
 
 
 
 
 
 




 

 

 

 

 

 

                                   NUMBER 13-01-296-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



GABRIEL RAMOS,                                                                 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 347th District Court

                                  of Nueces
County, Texas.

 

 



                                   O P I N I O N

 

                      Before Justices Dorsey, Yañez, and
Castillo

                          Dissenting Opinion by Justice Castillo

 












I respectfully
dissent. I believe this Court was correct in holding in Saldana v. State,
Nos. 13-01-360-CR, 13-01-361-CR, 2002 Tex. App. LEXIS 536, at *3-7(Tex. App.CCorpus Christi,
January 24, 2002)(not designated for publication)  that we have no jurisdiction over an appeal
of the denial of a motion for bail reduction. 
Accordingly, I would dismiss the present appeal for want of jurisdiction.                

ERRLINDA CASTILLO,

Justice

 

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 30th day of August, 2002.

 



 

 











[1] Appellant was apparently re-indicted
on March 16, 2001, as the indictment is designated ARE-INDICT.@  





[2] See Tex.
Pen. Code Ann. ' 19.03 (a)(7)(A) (Vernon 1994).





[3]
See Tex.
Pen. Code Ann. ' 19.02 (b)(1) (Vernon 1994).





[4]
See Tex.
Pen. Code Ann. ' 71.02 (a)(1) (Vernon Supp. 2002).





[5]
Although the record
contains no written order denying the motion, the docket sheet contains an
entry noting that the motion was denied on March 25, 2001. 





[6] See Tex.
Code Crim. Proc. Ann. art. 17.151 ' 1(1) (Vernon Supp. 2002) (providing
that when the State is not ready for trial within ninety days of a criminal
defendant=s detention, the trial
court must either release the defendant upon personal bond, or reduce the bail
amount).  





[7]
The written order
denying appellant=s motion following the
April 19, 2001 hearing states that the Aforegoing matter, wherein Defendant, by and through
counsel, seeks to reduce bail@ is denied.  We construe the order as denying the motion
heard on April 19, 2001.  Although the
written order denying the motion was not originally included in the record, it
has since been provided in a Supplemental Clerk=s Record pursuant to this
Court=s request.  See Tex.
R. App. P. 34.5(c)(1), (3).





[8]
Because the docket
sheet reflects that appellant=s March 15, 2001 AMotion for Bail Reduction@ was denied on March 25,
2001 and notice of appeal was filed on April 30, 2001, appellant failed to
timely appeal the denial of his March 15, 2001 motion.  See Tex.
R. App. P. 26.2 (a)(1). 
Accordingly, we construe appellant=s appeal as pertaining to the denial of his April
5, 2001 motion.  





[9]
In its discussion,
the court of criminal appeals distinguished its holding in Clapp v. State, 639
S.W.2d 949 (Tex. Crim. App. 1982), in which it held that it has exclusive
jurisdiction over appeals from orders denying bail in non-capital cases,
from its holding in Beck v. State, 648 S.W.2d 7 (Tex. Crim. App. 1983),
in  which it held that the courts of
appeals have direct appellate jurisdiction of all orders denying bail in
capital cases.  Primrose, 725
S.W.2d at 255-56.  





[10]
Texas Rule of
Appellate Procedure 31.1 provides, in relevant part, A[w]hen written notice of
appeal from a judgment or order in a habeas corpus or bail proceeding
is filed, . . .@  Tex.
R. App. P. 31.1 (emphasis added).





[11]
We note that former
rule of appellate procedure 44(b), entitled AHearing,@ stated, A[s]uch cases [appeals of habeas corpus or
bail proceedings] taken to the court of appeals by appeal, shall be
heard at the earliest practicable time.@  Tex. R. App. P. 44 (b) (707-708 S.W.2d
lvi, Tex. Sup. Ct. and Tex. Crim. App. 1986,
amended 1997) (current version at Tex.
R. App. P. 31.2) (emphasis added). 
Following the 1997 amendments to the rules, rule 31.2 entitled AHearing,@ now states simply, A[a]n appeal in a habeas
corpus or bail proceeding will be heard at the earliest practicable time.@  Thus, the current rule omits any reference to
such appeals being taken to the court of appeals.  See
Tex. R. App. P.
31.2.   We note that the comments to rule
31 state, AThis is former Rule
44.  Since the purpose of the appeal is
to do substantial justice, it is extended to both parties in recognition that
both parties now have the right to appeal. 
Other nonsubstantive changes are made.@  Tex.
R. App. P. 31 cmt. (emphasis added). 





[12]
We note that
Presiding Judge Onion (retired) wrote the opinion in Shumake.  Ex Parte Shumake,  953 S.W.2d 842, 842 (Tex. App.BAustin 1997, no pet.).  In Primrose, Presiding Judge Onion
wrote a concurring opinion, in which he specifically declined to join footnote
three of the majority opinion.  Thus, Shumake
provided Judge Onion an opportunity to restate and explain his
earlier-stated criticism of the position taken by the Primrose majority.      





[13] We note that in a recent
unpublished opinion, this Court held that we had no jurisdiction over an appeal
of an order denying a pre-trial motion to reduce bond.  See Ex Parte Saldana, Nos.
13-01-360-CR, 13-01-361-CR, 2002 Tex. App. LEXIS 536, at *6-*7 (Tex. App.BCorpus Christi Jan. 24, 2002, no pet.) (not designated for publication).  Insofar as our holding in Saldana is
in conflict with this case, we disapprove of that opinion.   





[14]
Article 17.151
provides, in pertinent part:

 

Sec. 1.  A
defendant who is detained in jail pending trial of an accusation against him
must be released either on personal bond or by reducing the amount of bail
required, if the state is not ready for trial of the criminal action for which
he is being detained within:

 

(1) 90 days from the
commencement of his detention if he is accused of a felony; 

 

Tex.
Code Crim. Proc. Ann. art. 17.151 ' 1(1) (Vernon Supp. 2002). 





[15]
The record reflects
that appellant filed a motion for substitution of counsel on April 5,
2001.  Thus, the attorney representing him
at the April 19, 2001 hearing was not present at the March 23, 2001 hearing.