IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0824-13






JOSHUA DEWAYNE RAGSTON, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS,


GRIMES COUNTY






 Womack, J., delivered the opinion of the unanimous Court.

OPINION

 In this case, we address whether courts of appeals have jurisdiction to consider an
interlocutory appeal of a pretrial motion for bond reduction. The intermediate court held
that it does not have jurisdiction. We affirm.

Procedural History

 On August 16, 2012, the appellant was indicted for one count of capital murder,
one count of murder, and one count of aggravated robbery, all stemming from an incident
that occurred on July 17, 2009, when the appellant was 17 years old. The appellant was
jailed and held on no bond for the capital murder charge, and bond was set at $500,000
each for the murder and the aggravated robbery charges.

 The appellant filed a motion for bond reduction, arguing he was entitled to release
on a personal recognizance bond for the capital murder charge pursuant to Texas Code of
Criminal Procedure article 17.151.

 The trial court ordered that the appellant would continue to be held without bond
on the capital murder and murder charges and reduced the bond on the aggravated
robbery charge to $250,000. The appellant filed an interlocutory appeal of the trial court's
order on his motion for bond reduction. The Court of Appeals granted the State's motion
to dismiss for want of jurisdiction. (1) 

 We granted discretionary review to decide whether the courts of appeals have
jurisdiction in such appeals. 

Jurisdiction of the Courts of Appeals

 The courts of appeals have divided on the issue of their jurisdiction to review
interlocutory orders regarding excessive bail or the denial of bail. (2) The courts that have
found jurisdiction relied exclusively on Rule 31 of the Rules of Appellate Procedure
(formerly Rule 44) and on a footnote in this Court's Primrose decision which addressed
that Rule. (3) They argue there is an exception allowing for jurisdiction over interlocutory
orders for the denial of a motion to reduce bail. (4) 

 Rule 31 is captioned "Appeals in Habeas Corpus, Bail, and Extradition
Proceedings in Criminal Cases," and it refers to procedures for "appeal from a judgment
or order in a habeas corpus or bail proceeding...." (5) In the Primrose footnote, this Court
referred to Rule 44, the precursor to today's Rule 31, and wrote:

However, Rule 44(a), supra, clearly contemplates direct appeals "in habeas
corpus and bail proceedings ." That appeal is to be "taken to the court of
appeals," Rule 44(b), supra, and the decision rendered by that court may
then be subject to discretionary review by this Court. Rule 44(e), supra. (6)


 The appellant makes the same arguments, relying on Rule 31 and the Primrose
footnote as support for his argument that the Court of Appeals had jurisdiction in this case
and erred in dismissing his appeal.

 The courts of appeals derive their authority and jurisdiction from the Constitution
of the state of Texas, which provides: "Said Court of Appeals shall have appellate
jurisdiction co-extensive with the limits of their respective districts, which shall extend to
all cases of which the District Courts or County Courts have original or appellate
jurisdiction, under such restrictions and regulations as may be prescribed by law." (7) 

 Jurisdiction must be expressly given to the courts of appeals in a statute. "[T]he
standard for determining jurisdiction is not whether the appeal is precluded by law, but
whether the appeal is authorized by law." (8) This extends to interlocutory appeals as well,
of which this Court has said: "The courts of appeals do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted by law." (9) 

 The courts of appeals that have found they have jurisdiction cite Rule 31, and this
Court's comments on that rule in Primrose, as the express grant of jurisdiction. However,
the Primrose footnote was dictum, and, as Professors Dix and Schmolesky note, "may
have overlooked a statutory prohibition against the court's use of its rulemaking authority
to expand a defendant's right to appeal." (10) The Texas Government Code grants this Court
"rulemaking power to promulgate rules of posttrial, appellate, and review procedure in
criminal cases except that its rules may not abridge, enlarge, or modify the substantive
rights of a litigant." (11) To put it more succinctly, "The Rules of Appellate Procedure do not
establish courts of appeals' jurisdiction; they provide procedures which must be followed
by litigants to invoke the jurisdiction of the courts of appeals so a particular appeal may
be heard." (12) 

 A rule of appellate procedure cannot, by itself, grant the courts of appeals
jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail,
because this Court's rules cannot enlarge the rights of litigants beyond those provided in
the constitutions or a statute. There is no constitutional or statutory authority granting the
courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the
denial of bail. 

 We affirm the holding of the court of appeals.

Delivered February 5, 2014.

Publish. 
1. Ex parte Ragston, 402 S.W.3d 472 (Tex. App.-Houston [14th Dist.] 2013). 
2. A number of courts of appeals have found they do not have jurisdiction over
interlocutory appeals from a trial court's order on a motion for bond reduction. See Sanchez v.
State, 240 S.W.3d 848, 849 (Tex. App.-San Antonio 2011, no pet.); Keaton v. State, 294 S.W.3d
870, 873 (Tex. App.-Beaumont 2009, no pet.); McCarver v. State, 257 S.W.3d 512, 514-15
(Tex. App.-Texarkana 2008, no pet.); Vargas v. State, 109 S.W.3d 26, 29 (Tex. App.-Amarillo
2003, no pet.); Benford v. State, 994 S.W.2d 404, 409 (Tex. App.-Waco 1999, no pet.); Ex parte
Shumake, 953 S.W.2d 842, 846-47 (Tex. App.-Austin 1997, no pet.). 

 Conversely, a number of courts of appeals have held they do have jurisdiction to hear an
interlocutory appeal from a pretrial motion for bond reduction. See Ramos v. State, 89 S.W.3d
122, 124-26 (Tex. App.-Corpus Christi 2002, no pet.); Clark v. Barr, 827 S.W.2d 556, 557 (Tex.
App.-Houston [1st Dist.] 1992, no writ).
3. Primrose v. State, 725 S.W.2d 254 (Tex. Cr. App. 1987).
4. See, e.g., Benford, 994 S.W.2d at 409 (noting the First Court of Appeals expressly
followed Primrose, while the Fort Worth and Dallas courts recognized a narrow exception for
interlocutory appeals where the trial court denied a motion to reduce bail).
5. Tex. R. App. P. 31.1.
6. Primrose, 725 S.W.2d at 256, n.3 (emphasis in original).
7. Tex. Const. art. V, § 6 (emphasis added).
8. Abbott v. State, 271 S.W.3d 694, 696-97 (Tex. Cr. App. 2008); see also Lyon v. State,
872 S.W.2d 732, 734 (Tex. Cr. App. 1994) ("The right to appeal a criminal conviction is a
substantive right solely within the province of the Legislature.").
9. Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Cr. App. 1991).
10. 41 George E. Dix & John M. Schmolesky, Tex. Prac., Criminal Practice and Procedure
§ 21:55, n.2 (3d ed. 2011).
11. Tex. Gov't Code § 22.108(a). 
12. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Cr. App. 1996); see also Bayless v. State, 91
S.W.3d 801, 805 (Tex. Cr. App. 2002) (" any rules created by this Court cannot enlarge a
defendant's legislatively granted right to appeal.").