NO. 12-05-00031-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

CHRISTOPHER RAY BLANTON,                   §     APPEAL FROM THE 420TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS





MEMORANDUM OPINION
            Appellant Christopher Blanton was charged by indictment with aggravated robbery, and his
bail was set at $20,000. He contends in this appeal that his bail is excessive. We dismiss the appeal
for want of jurisdiction.

Procedural History
            On November 5, 2004, Appellant was charged by four separate indictments with aggravated
robbery, aggravated sexual assault, attempted aggravated sexual assault, and burglary of a habitation. 
His bail was initially set at $120,000. On January 3, 2005, Appellant filed a motion for reduction
of bail in each of the four cases. After a hearing on January 6, the trial court denied Appellant’s
motion. Appellant filed a notice of appeal in each case, and those appeals are now pending in this
Court.
            On January 28, Appellant filed a notice of appeal in this proceeding that stated as follows:
 
Please take notice of my appeal of the rulings of the Court, 420th Judicial District,
Nacogdoches County, Texas, same occurring - on January 6, 2005, as they now pertain to Trial Court
Cause No. F12,540-2005.
 
            On February 7, 2005, we received the clerk’s record in this appeal. The record reflected that
Appellant was charged by indictment in trial court cause number F12,540-2005 (the “subject cause
number”) on January 14, 2005 and that bail was set at $20,000. However, the record did not contain
a final judgment or other appealable order. On that same date, the Clerk of this Court notified
Appellant of the defect. See Tex. R. App. P. 37.2. Through a number of communications by
telephone, letter, and personal visit, Appellant’s counsel responded that the January 6 bail hearing
pertained to the four cause numbers arising out of the November 5, 2004 indictments as well as the
subject cause number.
            On February 15, we received a supplemental clerk’s record in this appeal, which included
four documents: (1) a notice of intent to introduce extraneous evidence, (2) the State’s response to
a standard discovery order, (3) Appellant’s request for a supplemental clerk’s record, and (4) the trial
court’s docket sheet. Neither the clerk’s record nor the supplemental clerk’s record included a
motion to reduce bail in the subject cause number. On February 15, we also received a reporter’s
record from Appellant’s arraignment in the subject cause number, which occurred on February 11. 
During that proceeding, Appellant’s counsel asked the trial court how much bond it was setting, and
the trial court responded that bond was set at $20,000. Counsel closed without requesting a
reduction in the amount set, and the trial court’s docket sheet does not include a notation that any
reduction was requested.
Discussion
            Courts of appeals do not have jurisdiction to review interlocutory orders in criminal matters
unless that jurisdiction has been expressly granted by law. Ex parte Apolinar v. State, 820 S.W.2d
792, 794 (Tex. Crim. App. 1991). One exception to this rule is the denial of a motion to reduce bail. 
See, e.g., Wright v. State, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.); McKown v. State,
915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.); Clark v. Barr, 827 S.W.2d 556, 557
(Tex. App.–Houston [1st Dist.] 1992, no pet.); see also Tex. R. App. P. 31.1. Appellant contends
this exception is applicable here because the motion to reduce bail filed in connection with the first
four indictments against him also includes the indictment in the instant case. However, the record
does not support Appellant’s position.
            The record reveals that the motion to reduce bail filed in connection with the four other
indictments against Appellant identified each cause by its respective number. The record further
shows that the hearing on Appellant’s motion was conducted on January 6, which was eight days
before Appellant was indicted in the subject cause number. Thus, the subject cause number did not
exist on the date of the hearing. For this reason, Appellant’s counsel vigorously objected when
counsel for the State offered into evidence the complaint upon which the indictment in the subject
cause number is predicated. Finally, the trial court’s order denying the motion references the same
four causes identified in Appellant’s motion. Therefore, we cannot agree that Appellant’s motion
to reduce bail filed in the four other causes pertains to the subject cause number. 
            Nothing in the record indicates that Appellant ever filed a motion to reduce bail in the subject
cause number or that the trial court ever entered an order on such a motion. Because no such motion
and order exist in relation to the subject cause number, we are without jurisdiction to consider this
appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

                                                                                                     SAM GRIFFITH 
                                                                                                              Justice

Opinion delivered February 28, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






(DO NOT PUBLISH)