**Ex parte Gerald Charles GRAY.**

No. 56966.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 22, 1978.

James E. Davis, Texarkana, Ark., for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ONION, Presiding Judge.

Appellant gave written notice of appeal on November 3, 1977, from an order of the trial court dated November 2, 1977, in which appellant's unsworn motion for bail pending appeal of his felony conviction was denied.

■ The record before us is meager at best. On June 29, 1976, appellant received a 10-year probated sentence for possession of heroin. That probation was later revoked on October 25, 1977. On November 3, 1977, appellant gave notice of appeal. This notice was premature, as it does not appear that appellant was formally sentenced until November 16, 1977. Art. 44.-08(c) Vernon's Ann.C.C.P., provides that notice of appeal shall be given or filed within 10 days after sentence is pronounced. It does not appear from the record before us, however, that appellant again gave notice of appeal within 10-day period after the pronouncement of sentence. Consequently, the giving of notice of appeal before the pronouncement of formal sentence upon the order revoking probation did not perfect an appeal in that case. *Dullnig v. State*, 504 S.W.2d 495 (Tex.Cr.App.1974).

■ But, even if appellant had timely perfected an appeal from the probation revocation proceeding wherein he stands convicted of the unlawful possession of heroin, we do not believe that the instant proceeding is properly before us. The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus. Although every provision relating to habeas corpus is to be most favorably construed in order to give effect to the remedy and to protect the rights of the person seeking relief under it, Art. 11.04, Vernon's Ann.C.C.P., the unverified motion which was filed in the instant case, even if construed in that light, does not substantially state or contain the requisites of a petition for writ of habeas corpus as set forth in Art. 11.14, Vernon's Ann.C.C.P. Moreover, it does not appear that the trial judge treated the motion as a petition in habeas corpus, because the trial judge did not issue a writ of habeas corpus in response to the motion filed. See *Ex parte Mayes*, 538 S.W.2d 637 (Tex.Cr.App.1976). Consequently, we cannot treat the instant proceeding as an appeal in habeas corpus under Art. 44.34, Vernon's Ann.C.C.P., because that statute applies when a "defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, . . ."

We conclude that no appeal lies from the order entered by the trial court in the instant case. Therefore, the purported appeal from the order entered must be dismissed. The dismissal of the appeal, however, will be without prejudice to appellant's applying for appropriate habeas corpus relief in the trial court.

The appeal is dismissed.