**Affirmed in Part and Dismissed in Part and Opinion filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01127-CR
### NO. 14-12-01128-CR

## EX PARTE JOSHUA DEWAYNE RAGSTON

**On Appeal from the 506th District Court**
**Grimes County**
**Trial Court Cause No. 17187**

## O P I N I O N

This case involves two separate accelerated appeals. In one, Joshua Dewayne Ragston appeals the trial court's denial of his pretrial application for writ of habeas corpus. In the other, Ragston appeals the trial court's order on his motion for bond reduction on the charges of capital murder, murder, and aggravated robbery. For the reasons explained below, we affirm the trial court's order denying habeas relief, and we dismiss for want of jurisdiction Ragston's appeal from the trial court's order on his motion for bond reduction.

I

In the summer of 2012, Ragston was arrested and indicted on charges of capital murder, murder, and aggravated robbery in connection with an offense that occurred on July 17, 2009. Although Ragston was charged in three separate counts, all of the charges arise from a single incident in which Ragston allegedly robbed and murdered the owner of a liquor store in Navasota. Ragston was seventeen years old at the time of the offense.

Ragston was jailed and held on no bond for the capital-murder charge, and his bond was set at $500,000 each for the murder and aggravated-robbery charges. Ragston filed a pretrial application for a writ of habeas corpus and a separate motion for bond reduction in the trial court. After a hearing, the trial court denied Ragston's request for relief from confinement. The trial court also denied bond on the capital-murder and murder charges, but reduced the bond to $250,000 on the aggravated-robbery charge.

II

We first address Ragston's contention in cause No. 14-12-01127-CR that the trial court erred in denying his request for habeas-corpus relief. Ragston argues that the State should be barred from prosecuting him for capital murder allegedly committed when he was a juvenile because Texas's capital-felony sentencing statute does not provide a constitutional range of punishment. As Ragston notes, the Texas Penal Code provides only two possible punishments in the event Ragston is convicted of capital murder: death or life in prison without parole. *See* Tex. Penal Code § 12.31(a).[1] Ragston contends that neither punishment may be

---

[1] The capital-felony sentencing statute also provides that an individual adjudged guilty of a capital felony in which the state does not seek the death penalty shall be punished by imprisonment for life, if the individual's case was transferred to the court as provided under section 54.02 of the Family Code. Tex. Penal Code § 12.31(a)(1). Ragston does not contend that

2

applied to him because he was under the age of eighteen at the time of the offense.

In *Roper v. Simmons*, the United States Supreme Court held that death sentences for offenders under the age of 18 violate the Eighth Amendment's prohibition on cruel and unusual punishments. *See* 543 U.S. 551, 574–75 (2005). More recently, in *Miller v. Alabama*, the Court likewise held that mandatory life without parole for those under the age of 18 at the time of their crimes also violates the Eighth Amendment. *See* 132 S. Ct. 2455, 2463–64 (2012). According to the Supreme Court, therefore, the punishments mandated by Texas's capital-felony sentencing statute are unconstitutional when the defendant was a juvenile at the time the charged offense was committed.

The State does not dispute that, following *Miller*, Texas's current capital-murder sentencing scheme would be unconstitutional as applied to Ragston, who was 17 years old at the time of the offense. As a threshold issue, however, the State argues that Ragston's complaint is not cognizable in an application for a pretrial writ of habeas corpus. We agree with the State.

Because an interlocutory appeal is an extraordinary remedy, appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before appellate courts at the pretrial stage. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

this exception applies to him.

3

When there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available before trial to test the sufficiency of the complaint, information, or indictment. *Ex parte Doster*, 303 S.W.3d at 724; *Ex parte Weise*, 55 S.W.3d at 620. Exceptions to this rule have been recognized when, for example, an applicant alleges that the statute under which he or she is prosecuted is facially unconstitutional, or when the face of the pleading shows that the offense charged is barred by limitations. *Ex parte Weise*, 55 S.W.3d at 620. Under either of these exceptions, the applicant is challenging the trial court's power to proceed. *Id.*

In contrast, however, a pretrial writ of habeas corpus may not be used to address an as-applied constitutional challenge to a statute. *Ex parte Ellis*, 309 S.W.3d at 79; *Ex parte Weise*, 55 S.W.3d at 620–21. An as-applied challenge is brought during or after a trial on the merits, because it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Even if an appellant calls his claim a facial challenge, if it is in fact an as-applied challenge, courts should refuse to consider the merits of the claim. *Ex parte Ellis*, 309 S.W.3d at 80.

Here, Ragston does not contend that he is making a facial challenge to the constitutionality of the capital-felony sentencing statute. Nor does he challenge the capital-murder statute under which he is charged. *See* Tex. Penal Code § 19.03. Ragston argues only that neither death nor life in prison without parole "may be applied" to him because he was under the age of 18 at the time of the offense. But this claim, even if successful, would not result in Ragston's immediate release because it is directed to the sentence to be imposed after conviction, not the

validity of the present indictment. *See Ex parte Doster*, 303 S.W.3d at 724 ("Aside from double-jeopardy issues, pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release."). At this stage of the proceedings, Ragston merely stands accused of violating the penal laws. The constitutionality of the sentencing statute will become an issue only if Ragston is found guilty of the capital offense and unconstitutionally sentenced, at which time he may raise his complaint on direct appeal. *See Ex parte Weise*, 55 S.W.3d at 619–20 (discussing various factors considered when determining whether an issue is cognizable on habeas corpus or better addressed by a post-conviction appeal).

As support for his argument that "there can be no trial on the charge of capital murder because the statute does not provide a constitutional range of punishment," Ragston cites two cases: *Wilson v. State*, 14-09-01040-CR, 2012 WL 6484718 (Tex. App.—Houston [14th Dist.] Dec. 13, 2012, no pet.) (mem. op., not designated for publication), and *Henry v. State*, No. 05-11-00676-CR, 2012 WL 3631251 (Tex. App.—Dallas Aug. 24, 2012, no pet.) (mem. op., not designated for publication). Both of these cases involved appellants who were found guilty of capital offenses committed when they were under 18 and sentenced to mandatory life in prison without parole. *Wilson*, 2012 WL 6484718, at *1; *Henry*, 2012 WL 3631251, at *6. Both challenged the constitutionality of their sentences in light of *Miller*. *Wilson*, 2012 WL 6484718, at *1; *Henry*, 2012 WL 3631251, at *6. Notably, however, in neither case was the appellant's conviction overturned; instead, the appellate court merely reversed the trial court's judgment as to punishment and remanded the case to the trial court for a new sentencing hearing. *Wilson*, 2012 WL 6484718, at *2; *Henry*, 2012 WL 3631251, at *6–7. Moreover, both cases involved post-conviction direct appeals, not pretrial applications for

habeas corpus. These cases do not support Ragston's appellate argument. Indeed, they demonstrate that a post-conviction direct appeal provides an adequate remedy for Ragston's constitutional complaint.

Accordingly, we conclude that Ragston's as-applied challenge to the constitutionality of Texas's capital-felony sentencing statute is not cognizable on a pretrial writ. *See Ex parte Ellis*, 309 S.W.3d at 81–82 (holding appellate court should not have addressed whether money-laundering statute applies to checks because claim raised an as-applied challenge to statute and was thus not cognizable in pretrial habeas proceedings); *Ex parte Weise*, 55 S.W.3d at 621 (holding claim that illegal-dumping statute was unconstitutional as applied to appellant was not cognizable on a pretrial writ of habeas corpus). We overrule Ragston's first issue and affirm the trial court's order denying habeas relief.

III

Ragston separately appeals the trial court's order on his motion for bond reduction in cause No. 14-12-01128-CR.[2] As a threshold matter, we must consider whether we have jurisdiction to decide this interlocutory appeal. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002).

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d at 915; *see* Tex. Code Crim. Proc. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App.

---

[2] In this appeal, Ragston contends that the trial court erred by: (1) failing to grant him a personal-recognizance bond on the capital-murder charge when the state was not ready for trial within ninety days from the commencement of his detention and he was not able to otherwise make a bond; (2) failing to set a bond for the offense of murder; and (3) setting an excessive bond of $250,000 for the offense of aggravated robbery.

1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

A number of appellate courts have concluded that no constitutional or statutory provision exists authorizing an interlocutory appeal from a trial court's order on a motion for bond reduction. *See, e.g.*, *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.—Beaumont 2009, no pet.); *McCarver v. State*, 257 S.W.3d 512, 514–15 (Tex. App.—Texarkana 2008, no pet.); *Vargas v. State*, 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.).[3] Accordingly, these courts have dismissed appeals involving pretrial rulings on motions for bond reduction for lack of jurisdiction.

Other courts, however, have held that a defendant may take an interlocutory appeal from a pretrial motion for bond reduction. *See Ramos v. State*, 89 S.W.3d 122, 124–26 (Tex. App.—Corpus Christi 2002, no pet.); *see also Clark v. Barr*, 827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (granting mandamus relief in part to require trial court to vacate order denying relator's notice of appeal of order on pretrial motion to reduce bond). These courts primarily rely on two sources of authority: Texas Rule of Appellate Procedure 31 and *Primrose v. State*, 725 S.W.2d 254, 256 n.3 (Tex. Crim. App. 1987). *See*

---

[3] Professors Dix and Schmolesky have also explained that "[a] felony defendant's challenge to bail is ordinarily by means of application for the writ of habeas corpus," and is preferable to a motion "because denial of habeas corpus relief may be appealed before trial on the merits." 41 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21:55 (3d ed. 2011). Consequently, "the habeas corpus procedure provides defendants with what is functionally an interlocutory appeal on the question of bail." *Id.*; *see Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus.").

*Ramos*, 89 S.W.3d at 124–26; *Clark*, 827 S.W.2d at 556 (citing former version of Rule 31). This court has not expressly addressed the issue in a published opinion.[4]

We notified Ragston that we would consider dismissing his appeal for want of jurisdiction unless he filed a response demonstrating this court's jurisdiction. In his response, Ragston adopts the reasoning of the courts which permit interlocutory appeals of pretrial motions for bond reduction. Ragston also argues, without citation to authorities, that his motion for bond reduction should be considered the substantive equivalent of an application for habeas corpus. Following Ragston's response, the State has filed a motion to dismiss for want of jurisdiction, relying on those authorities holding that the appellate courts have no jurisdiction over interlocutory appeals involving pretrial motions for bond reduction.

Having carefully reviewed the authorities on both sides of this issue, we are persuaded by the reasoning of those courts that have concluded that no interlocutory appeal lies from the trial court's order on a pretrial motion for bond reduction. *See, e.g.*, *Sanchez*, 340 S.W.3d at 849–52; *Keaton*, 294 S.W.3d 871–73;

---

[4] In several unpublished opinions, this court has included interlocutory appeals from motions to reduce bond in a list of exceptions to the general rule that an appellate court has jurisdiction to hear a criminal defendant's appeal only when there has been a final judgment of conviction. In the vast majority of those cases, however, a motion to reduce bond was not at issue, so the reference was dictum. *See, e.g.*, *Duncan v. State*, No. 14-12-00666-CR, 2012 WL 3686743, at *1 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (per curiam) (not designated for publication) (concerning an appeal from a denial of a motion for a judgment nunc pro tunc). And in the few cases that do concern an appeal from a motion to reduce bond, whether the court has jurisdiction to consider the issue is assumed, but not part of the court's analysis. *See, e.g.*, *Perez v. State*, No. 14-06-00091-CR, 2006 WL 1027058, at *1 (Tex. App.—Houston [14th Dist.] Apr. 20, 2006, pet. denied) (per curiam) (not designated for publication) (disposing of an interlocutory appeal of a denial to reduce bond because the notice of appeal was untimely). Because neither unpublished criminal cases nor dicta carry any precedential value, these cases are not helpful to our analysis of this issue in this case. *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (defining "dictum" and noting that it "is not binding as precedent"); *see also* Tex. R. App. P. 47.7(a) (providing that unpublished opinions in criminal cases are not precedential). Moreover, we have now determined, in a published opinion, that motions to reduce bond are not exceptions to the general rule.

*McCarver*, 257 S.W.3d at 513–15; *Vargas*, 109 S.W.3d at 29. Absent a grant of constitutional or statutory authority, Rule 31 of the Rules of Appellate Procedure cannot create jurisdiction where none exists. *See State v. Riewe*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); *see also State v. Olivo*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) ("The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction; they provide procedures which must be followed by litigants to invoke the jurisdiction of the courts of appeals so a particular appeal may be heard."). And, because the *Primrose* court relied on an earlier version of the appellate rule, we conclude it is not dispositive of this issue. *See Sanchez*, 340 S.W.3d at 851–52 (agreeing with other courts that have concluded that the footnote in *Primrose* is dictum as well as those courts which have questioned the *Primrose* court's reliance on a rule of appellate procedure to confer jurisdiction) (citations omitted).[5]

Further, we decline Ragston's suggestion that we consider his motion the equivalent of an application for writ of habeas corpus. Ragston's motion does not contain the requisites of a habeas and it does not appear that the parties or the trial judge treated it as such. *See Ex parte Gray*, 564 S.W.2d at 714. Accordingly, we hold that we have no jurisdiction to decide Ragston's interlocutory appeal of the trial court's order on his motion for bond reduction. We therefore grant the State's motion and dismiss Ragston's appeal for want of jurisdiction. The dismissal of the appeal, however, is without prejudice to Ragston's applying for appropriate habeas corpus relief in the trial court. *See id.*

---

[5] Professors Dix and Schmolesky have likewise concluded that the *Primrose* footnote is dictum and have suggested that the *Primrose* court "may have overlooked a statutory prohibition against the court's use of its rulemaking authority to expand a defendant's right to appeal." DIX & SCHMOLESKY, *supra*, § 21:55 n.2.

* * *

We hold that Ragston's as-applied challenge to the constitutionality of Texas's capital-felony sentencing statute is not cognizable on a pretrial writ, and therefore we affirm the trial court's order denying habeas relief in cause No. 14-12-01127-CR. We dismiss for want of jurisdiction Ragston's interlocutory appeal of the trial court's order on his pretrial motion for bond reduction in cause No. 14-12-1128-CR.


/s/    Jeffrey V. Brown
       Justice


Panel consists of Justices Brown, Christopher, and McCally.

Publish — TEX. R. APP. P. 47.2(b).