**Affirmed and Memorandum Opinion filed October 1, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00951-CR

_____

## EX PARTE BRENT WAYNE JUSTICE

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385768**

# M E M O R A N D U M   O P I N I O N

This appeal arises from the denial of an application for a pretrial writ of habeas corpus. Because we determine that appellant's claim is not cognizable by pretrial writ of habeas corpus, we affirm.

Appellant is charged by indictment with the felony offense of cruelty to a non-livestock animal. *See* Tex. Penal Code § 42.092(b)(1).[1] Section 42.092(b)(1)

---

[1] Specifically, the indictment alleges that appellant "unlawfully, intentionally and knowingly, torture[d] an animal, namely, a dog observed in videos entitled "Puppy I and II," by cutting the dog's neck with a knife." Further, the State has alleged use or exhibition of a deadly weapon during the commission of the offense or the immediate flight therefrom, and that

provides that a person commits an offense if the person intentionally, knowingly, or recklessly "tortures an animal or in a cruel manner kills or causes serious bodily injury to an animal." Appellant filed an application for a pretrial writ of habeas corpus alleging the statute underlying his indictment is unconstitutional on its face.[2] The trial court denied appellant's application.

Generally, a pretrial habeas may not be used to challenge the sufficiency of the indictment or to construe the meaning and application of the criminal statute defining the charged offense. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). A pretrial habeas may be used, however, to raise a claim that the statute under which an applicant is being prosecuted is unconstitutional on its face. *Id.* (also stating that pretrial habeas may not be used to bring an as-applied challenge to statute's constitutionality); *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Even if an appellant calls his claim a facial challenge, we should refuse to consider the merits of the claim if it is in fact an as-applied challenge. *Ex parte Ragston*, 402 S.W.3d 472, 476 (Tex. App.—Houston [14th Dist.] 2013), *aff'd,* 424 S.W.3d 49 (Tex. Crim. App. 2014). Therefore, we must first determine whether appellant's application for pretrial writ is a challenge to the statute on its face or a challenge to the statute as it is being applied to appellant. By this pretrial writ of habeas corpus, appellant alleges that (a) the State is attempting to expand the language of the statute; (b) Section 42.092(b)(1) is preempted by 7 U.S.C.A. § 1902(b); and (c) Section 42.092(b)(1) is "content-based discrimination in violation of the First Amendment and is thus facially invalid."

---

appellant has been previously finally convicted of two other felony offenses. *See* Tex. Penal Code §§ 12.35(c)(1) and 12.425(c).

[2] Appellant also filed a motion to dismiss alleging the statute is unconstitutional as applied, urging many of the same arguments presented here.

A facial challenge to the constitutionality of a statute is a challenge that the statute always operates unconstitutionally, in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011); *see also Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) ("A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid."). In such a challenge, we are to consider the statute only as it is written, not how it operates in practice. *Salinas v. State*, 464 S.W.3d 363, 367 (Tex. Crim. App. 2015).

By contrast, an as-applied challenge is brought during or after a trial on the merits, because it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner. *State ex rel. Lykos*, 330 S.W.3d at 910.

We are to consider only those arguments presented to the trial court either in the appellant's written application or at the hearing. *See* Tex. R. App. P. 33.1; *State v. Romero*, 962 S.W.2d 143, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Accordingly, we do not decide those issues raised for the first time in appellant's brief.

Appellant first urges that the State is expanding the definition of animal cruelty by attempting to "shoehorn the humane slaughter or unnecessary killing of an animal under the [rubric] of torture." This challenge depends entirely upon the application of the statute to the facts alleged against appellant and constitutes an as-applied challenge. Appellant's argument arises from his claim that cutting a dog's throat with a knife is humane, as defined by Section 1902(b) of Title 7 of the

United States Code, "Humane Methods of Livestock Slaughter." However, the language of Section 42.092(b)(1) does not contain any prohibition on the method of killing the animal. Whether the State is misapplying Section 42.092(b)(1) by charging appellant with animal cruelty for killing an animal with a knife is necessarily an as-applied challenge.

Appellant next urges in a related challenge that because his conduct, specifically, cutting the dog's throat with a knife, was humane, Section 42.092(b)(1) conflicts with Section 1902(b) and must, therefore, be facially preempted. Section 1902(b) provides, in pertinent part, the following method of slaughtering and handling are "hereby found to be humane: . . . (b) by slaughtering in accordance with the ritual requirements of the Jewish faith or any other religious faith that prescribes a method of slaughter whereby the animal suffers loss of consciousness by anemia of the brain caused by the simultaneous and instantaneous severance of the carotid arteries with a sharp instrument and handling in connection with such slaughtering." Again, his purported facial challenge depends upon the method by which it is alleged that appellant killed the dog. As such, and without regard to whether Section 1902(b) pertains in any way to non-livestock or animal cruelty, appellant's argument depends upon the unique facts of this case. As such, it is a challenge to the statute as applied to appellant.

Finally, appellant complains that Section 42.092(b)(1) is content-based discrimination in violation of the First Amendment and is thus facially invalid. Again, however, appellant's arguments depend entirely upon the application of the statute to appellant himself, not the language of the statute. The only argument appellant makes to support his "content-based" allegation about the statute is that he is being prosecuted for animal cruelty "because [the] animal was allegedly killed to make [a] slaughter video for sexual gratification." The United States

4

Supreme Court opinion in *U.S. v. Stevens*, 130 S. Ct. 1577 (2009), relied upon by appellant, best explains the difference between animal cruelty laws enacted by all 50 States and the District of Columbia and animal crush video laws that implicate Free Speech — the former category pertains to the underlying acts harmful to animals while the latter pertains to portrayals of such conduct.[3] *Id*. at 1582. In this action, appellant is not charged with creating and distributing animal crush videos.[4] Appellant is charged with a violation of the animal cruelty law — Section 42.092. Appellant offers no other argument, and we find none, for construing Section 42.092(b)(1) as regulating any content-based speech. Appellant's speech-based complaint arises from the specific factual allegations against him alone. As such, it is an as-applied challenge.

Because we find that appellant is complaining solely about the application of Section 42.092(b)(1) to him rather than all applications of the statute, we conclude that his challenge to the constitutionality of the statute at issue is not cognizable on a pretrial writ. *See Ex parte Ellis*, 309 S.W.3d at 81–82; *Ex parte Weise*, 55 S.W.3d at 621. We overrule appellant's issues and affirm the trial court's order denying habeas relief.

/s/    Sharon McCally
Justice

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] Generally speaking, animal crush videos are films that feature a person or another animal crushing or trampling another smaller animal to death.

[4] Appellant is, however, under federal indictment for creating and distributing animal crush videos. The Fifth Circuit Court of Appeals recently rejected appellant's motion to dismiss on First Amendment grounds. *See U.S. v. Richards*, 755 F.3d 269 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 1547 (2015).