

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00083-CR

DENNIS HARRIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1390488D

----------

## MEMORANDUM OPINION[1]

----------

In a document filed with the district clerk entitled "Appeal," Appellant Dennis Harris states that he wants a court date and a new bond. On March 16, 2016, we notified Harris of our concern that we lack jurisdiction over this appeal because the trial court had not entered any appealable orders, noting that we generally have jurisdiction to consider an appeal in a criminal case only when

---

[1]See Tex. R. App. P. 47.4.

there has been a judgment of conviction.[2]  *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  We informed Harris that the appeal would be dismissed unless he or any party desiring to continue the appeal filed a response by March 28, 2016, showing grounds for continuing the appeal.  We have not received a response.  Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 12, 2016

---

[2]Harris is not attempting to appeal from the denial of a pretrial application for writ of habeas corpus challenging his bail.  *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus.").