Opinion filed December 15, 2016



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00145-CR, 11-16-00146-CR, 11-16-00147-CR, 11-16-00148-CR, 11-16-00149-CR, 11-16-00150-CR, 11-16-00151-CR, 11-16-00152-CR, 11-16-00153-CR, 11-16-00154-CR, 11-16-00155-CR, & 11-16-00156-CR

_____

## MEGHAN LEANNE GARZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause Nos. B-16-0293-CR, B-16-0294-CR, B-16-0295-CR, B-16-0296-CR, B-16-0297-CR, B-16-0298-CR, B-16-0299-CR, B-16-0300-CR, B-16-0301-CR, B-16-0302-CR, B-16-0303-CR, & B-16-0304-CR**

## M E M O R A N D U M   O P I N I O N

Meghan Leanne Garza has been indicted for attempted capital murder in all twelve causes at issue in these appeals. In each appeal, she attempts to appeal from an order in which the trial court denied her pretrial motion to reduce the amount of her bond. We dismiss the appeals.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The interlocutory order issued by the trial court in the causes before us related only to Appellant's motion to reduce the amount of her pretrial bond. The appellant in *Ragston* likewise attempted "an interlocutory appeal of the trial court's order on his motion for bond reduction." 424 S.W.3d at 50–51. The Court of Criminal Appeals addressed the issue of the jurisdiction of the court of appeals and affirmed the dismissal of the appeal for want of jurisdiction. *Id.* The Court of Criminal Appeals specifically held: "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.* at 52.

When these appeals became at issue, the clerk of this court wrote Appellant and informed her that it did not appear that this court had jurisdiction in these causes. We requested that Appellant respond and show grounds to continue the appeals. Appellant has filed a response in each cause and requests that this court either (1) "treat her brief as if it is an appeal from a denial of a request for a writ of habeas corpus" or (2) "allow her to amend her brief to assert her claim as one for habeas corpus." We are not authorized to do either.

The appellant in *Ragston* similarly suggested that the court of appeals treat his motion for bond reduction as the equivalent of an application for writ of habeas corpus. *Ex parte Ragston*, 402 S.W.3d 472, 479 (Tex. App.—Houston [14th Dist.] 2013), *aff'd*, 424 S.W.3d 49 (Tex. Crim. App. 2014). The court of appeals noted that the proper method to challenge the denial or the excessiveness of bail, whether prior to trial or after conviction, is by way of habeas corpus. *Id.* at 477 n.3 (citing *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978)). The court of appeals rejected Ragston's request to treat his motion as a writ of habeas

corpus as the motion did not contain the requisites of a habeas and had not been treated as such by the parties or the trial judge. *Id.* at 479 (citing *Gray*, 564 S.W.2d at 714). We likewise must reject Appellant's request to treat her brief as if it is an appeal from the denial of a request for a writ of habeas corpus.

Because we would have no jurisdiction in these causes even if Appellant had filed them as original writs of habeas corpus in this court, we also decline Appellant's request to allow her to amend her brief in each appeal to assert her claim as one for habeas corpus. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West 2004) (limited writ powers granted to the courts of appeals). An intermediate appellate court "does not possess original habeas corpus jurisdiction of a bail issue" in a criminal case. *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.); *see Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, orig. proceeding). We note that the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). Appellant did not file an application for a writ of habeas corpus in the causes below.

For the above reasons, we dismiss these appeals for want of jurisdiction.

PER CURIAM

December 15, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3