**Opinion issued September 3, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00751-CR

_____

**LONNIE HENRY RECTOR, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 714415**

---

### MEMORANDUM OPINION

Appellee, the State of Texas, has filed a motion to dismiss this appeal, asserting that appellant, Lonnie Henry Rector, Jr. has not appealed from any appealable order and this Court lacks jurisdiction. We agree. We therefore grant the State's motion and dismiss this appeal for lack of jurisdiction.

In 1996, a jury found appellant guilty of the felony offense of aggravated robbery. After finding true the allegiance of an enhancement paragraph that appellant had been previously convicted of a felony offense, the jury assessed his punishment at confinement for life and a $10,000 fine. Appellant appealed his conviction to this Court, asserting that he was denied effective assistance of counsel at trial. This Court affirmed the trial court's judgment. *See Rector v. State*, No. 01-96-00698-CR, 1997 WL 665503, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 16, 1997, no pet.) (not designated for publication).

Appellant has since filed various motions and applications with the trial court regarding his 1996 conviction. In 2002, appellant applied for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. The trial court granted appellant's motion. After evidence was tested, the trial court concluded that "had the DNA test results been available during the trial of the offense, it was not reasonably probable that [appellant] would not have been convicted." *See Rector v. State*, No. 01-04-01151-CR, 2005 WL 3454123, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 15, 2005, pet. ref'd) (mem. op., not designated for publication). Appellant appealed the trial court's order, and we affirmed. *Id.*

In 2012, appellant filed a second motion seeking DNA testing. The trial court denied that motion as moot. There is no indication in the record that appellant attempted to appeal from the trial court's 2012 order.

In 2018, appellant filed a "Motion for Nunc Pro Tunc" in the trial court. Nothing in the record shows that the trial court ruled on that motion. Appellant then filed two separate petitions for writ of mandamus with this Court requesting that his motion for nunc pro tunc be transmitted to the Court of Criminal Appeals. We dismissed each of appellant's mandamus petitions for lack of jurisdiction. *See In re Rector*, No. 01-18-01144-CR, 2019 WL 302785, at *1 (Tex. App.—Houston [1st Dist.] Jan. 24, 2019, orig. proceeding) (mem. op., not designated for publication); *In re Rector*, No. 01-18-01102-CR, 2018 WL 6694792, at *1 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, orig. proceeding) (mem. op., not designated for publication).

In July 2019, appellant filed a third motion for DNA testing. Once again, the record does not show that the trial court ruled on appellant's 2019 motion. Appellant then filed a petition for writ of mandamus requesting this Court to compel the trial court to rule on his 2019 motion. We denied appellant's request for mandamus relief. *See In re Rector*, No. 01-19-00585-CR, 2019 WL 3917578, at *1 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019, orig. proceeding) (mem. op., not designated for publication).

On September 16, 2019, appellant filed a pro se notice of appeal. It states that the "focus of [appellant's] appeal[] is from an Aug[ust] 2019 DNA motion submitted" to the trial court. Accordingly, appellant is currently attempting to appeal from the trial court's failure to take action on his 2019 third motion for DNA testing.[1]

Generally, absent a specific statute, appellate courts only have jurisdiction over final orders and judgments. *See Ex parte Ragston*, 402 S.W.3d 472, 538 (Tex. App.—Houston [14th Dist.] 2013), *aff'd*, 424 S.W.3d 49 (Tex. Crim. App. 2014). Here, there is no indication in the record that the trial court actually ruled on appellant's 2019 third motion for DNA testing. Because there is no appealable order in the record, we lack jurisdiction over this appeal. *See Grimes v. State*, No. 01-14-00531-CR, 2016 WL 4144266, at *1 (Tex. App.—Houston [1st Dist.] Aug. 4, 2016, no pet.) (mem. op., not designated for publication) ("Accordingly, we dismiss the appeal for lack of jurisdiction because there is no appealable order denying DNA testing.").

We grant the State's motion and dismiss this appeal for lack of jurisdiction. *See id.*; *see also* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

---

[1] As referenced above, appellant previously, and unsuccessfully, sought mandamus relief from this Court arising from the same 2019 third motion for DNA testing. *See In re Rector*, No. 01-19-00585-CR, 2019 WL 3917578, at *1 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019, orig. proceeding) (per curiam) (mem. op., not designated for publication).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Hightower and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).