

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00005-CR
No. 02-21-00006-CR
No. 02-21-00007-CR

———————————————

ROBERT LEWIS WARD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1637148D, 1637193D, 1653809D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In his notice of appeal, Appellant Robert Lewis Ward stated that he was appealing various pretrial rulings concerning his three charges for violation of a protective order. Those pretrial rulings related to the denial of bail and his competence.

On February 1, 2021, we notified Ward of our concern that we lack jurisdiction over his appeals because the trial court had not entered any appealable orders. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam) (noting that we generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction). We stated that unless Ward or another party filed a response showing grounds for continuing the appeals, we would dismiss them for want of jurisdiction.

Ward filed a pro se response in which he appeared to disclaim his intent to challenge any pretrial rulings except those relating to the denial of bail. To further the bail challenge, he accompanied his response with a "Motion to instate bond for my cases."

The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial

2

of bail." *Ragston*, 424 S.W.3d at 52. "The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus." *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978); *White v. State*, Nos. 02-17-00211-CR through 02-17-00213-CR, 2017 WL 3633301, at *1 n.2 (Tex. App.—Fort Worth Aug. 24, 2017, no pet.) (mem. op., not designated for publication).

Because we lack jurisdiction to review interlocutory appeals concerning the denial of bail, we dismiss these appeals for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(f); *Hutchinson v. State*, Nos. 02-17-00222-CR, 02-17-00223-CR, 2017 WL 3526365, at *1 (Tex. App.—Fort Worth Aug. 17, 2017, no pet.) (per curiam) (mem. op., not designated for publication). We dismiss any pending motions as moot. *See Nelson v. State*, No. 01-15-00248-CR, 2015 WL 3981572, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 25, 2021

---

[1]Our conclusion would not be altered even if Ward did not intend to abandon his challenge to the pretrial rulings concerning competency. *See Boots v. State*, Nos. 02-19-00315-CR, 02-19-00316-CR, 2019 WL 5251152, at *1 (Tex. App.—Fort Worth Oct. 17, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (deeming competency-related order to be nonappealable).