# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00562-CR

---

**Christopher Henry, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY
NO. FR82621, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Henry stands charged by indictment with capital murder. *See* Tex. Penal Code § 19.03. He seeks to appeal the district court's "decision to deny the Defendant's Application for Writ of Habeas Corpus seeking Bail Reduction on October 4th, 2021."

Although we lack jurisdiction to review an interlocutory order denying a pretrial motion for bond reduction, *see Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014), we may consider an appeal from the denial of a pretrial application for writ of habeas corpus concerning the denial or excessiveness of bail, *see Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus."); *see also Ex parte Gill*,

413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (considering appeal from denial of application for writ of habeas corpus under Article 17.151).

Perfection of an appeal from the denial of habeas relief requires a signed appealable order. *See* Tex. R. App. P. 25.2, 26.2(a)(1); Tex. Code Crim. Proc. art. 44.02; *Smith v. State*, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018); *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012) (noting that "[Court's] precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). "A trial court's docket sheet entry does not constitute an appealable order." *Ex parte Thompson*, No. 05-21-00752-CR, 2022 WL 278242, at *1 (Tex. App.—Dallas Jan. 31, 2022, no pet.) (mem. op., not designated for publication) (citing *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.)); *see Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013 (recognizing that docket sheet entries do not qualify as appealable orders); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.) ("It is well settled that a docket sheet entry is not an order.").

Here, the record shows that Henry has filed seventeen pro se applications for writ of habeas corpus seeking bail reduction with the district court. In addition, he has filed four motions through counsel for release on reasonable bail. Although Henry purports to challenge the district court's denial of an application on October 4, 2021, the only reference to that date in the record is a docket entry noting "Motion is Denied" beneath the heading "Orders of Court."

The record contains no signed, written orders from the district court disposing of any of Henry's applications or motions on the issue of bail. Moreover, the Bell County District Clerk, in a letter to the Court, stated that, notwithstanding the docket entry, no order has been

2

signed denying a motion for release on reasonable bail. Indeed, even if the district court had signed an order denying one of Henry's bail motions, we would lack jurisdiction to entertain an appeal of the denial. *See Ragston*, 424 S.W.3d at 52.

The district court has likewise certified that its ruling is "not a final order and is not appealable." We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." Tex. R. App. P. 25.2(a)(2), (d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

## CONCLUSION

For the foregoing reasons, we dismiss Henry's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: April 8, 2022

Do Not Publish

3