# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00043-CR

**James Logan Diez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 48895, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Logan Diez has been charged with two counts of possession of child pornography. *See* Tex. Penal Code § 43.26(a). He has not yet been tried for guilt; instead, he is attempting to appeal four interlocutory orders, which denied his motions (1) to suppress, (2) for personal bond, (3) to sever the trials for count one and count two, and (4) to dismiss the indictment for violations of his speedy-trial rights. Because no statute authorizes an interlocutory appeal from these denials, we dismiss the attempted appeal for want of jurisdiction.

The outcome differs slightly for a separate part of the second order because the order also denied an application for a writ of habeas corpus. The order, in addition to listing various motions for personal bond that the order denied, also listed a separate, September 2020 application for writ of habeas corpus, *see* Tex. Code Crim. Proc. arts. 11.08, 11.10, as another of the filings that the order denied. Because he has since posted bond, Diez's arguments in that application are now moot. We thus dismiss this portion of the appeal as well (though not

necessarily for lack of jurisdiction, *see, e.g.*, *Kniatt v. State*, 206 S.W.3d 657, 665 & n.5 (Tex. Crim. App. 2006) (Keller, P.J., concurring) (noting, in context of pretrial habeas, at least some non-overlap between jurisdiction and mootness)).

## INTERLOCUTORY JURISDICTION

Appeals by defendants in criminal cases "are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). "Jurisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). We thus lack jurisdiction over a defendant's appeal when no statute authorizes the appeal: the "standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). For interlocutory appeals, the "courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *accord Ragston*, 424 S.W.3d at 52.

For the four interlocutory orders that Diez attempts to appeal, first, no statute authorizes an interlocutory appeal by a defendant from an order denying a motion to suppress. *Dahlem v. State*, 322 S.W.3d 685, 690–91 (Tex. App.—Fort Worth 2010, pet. ref'd). Second, none authorizes an interlocutory appeal about excessive bail or the denial of or refusal to reduce bail. *See Ragston*, 424 S.W.3d at 52; *McCarver v. State*, 257 S.W.3d 512, 513–15 (Tex. App.— Texarkana 2008, no pet.); *Vargas v. State*, 109 S.W.3d 26, 28–29 (Tex. App.—Amarillo 2003, no

2

pet.).[1]  Third, none of which we are aware authorizes an interlocutory appeal of an order denying a pretrial motion to sever the trials of multiple counts, and Diez has pointed to no such statute despite the State's raising the lack of any such statute in its appellate briefing.  Finally, no statute authorizes an interlocutory appeal of an order denying a motion to dismiss for violation of speedy-trial rights, appeal of which is available only after a final judgment.  *See Ex parte Delbert*, 582 S.W.2d 145, 145–46 (Tex. Crim. App. [Panel Op.] 1979); *Ordunez v. Bean*, 579 S.W.2d 911, 913–14 (Tex. Crim. App. 1979) (orig. proceeding).

Because no such statutes exist, we lack jurisdiction to review most of the denials that Diez asks us to.  He tries to surmount this hurdle by arguing, in a self-styled "memorandum" that he filed after his appellant's brief but before the State's appellee's brief was filed, that the rule that defendants may not take interlocutory appeals from orders denying motions to suppress is unconstitutional because it violates due-process rights, especially considering the State's ability to appeal certain interlocutory orders granting motions to suppress.  *Cf.* Tex. Code Crim. Proc. art. 44.01(a)(5).  He raises a similar argument in a self-styled "challenge" to the rule that defendants may not take interlocutory appeals from denials of speedy-trial motions.

These arguments put the cart before the jurisdictional horse.  Without jurisdiction over an appeal, we have no power to do anything but dismiss the attempted appeal.  *See, e.g.*, *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) ("The term 'jurisdiction' refers to the

---

[1]  Separate from his motion for personal bond, which led to the order that he is now appealing, Diez filed a March 2019 application for a writ of habeas corpus seeking reduced bail. The order denying the motion for personal bond makes clear which filings the order denies, and the March 2019 application is not among those filings.  Instead, the court denied the March 2019 application in an earlier order, which is not among the four orders listed in Diez's notice of appeal.

However, the order does state that it denies Diez's separate September 2020 application for writ of habeas corpus.  We address that denial below.

3

power of a court to hear a controversy and make decisions that are legally binding on the parties involved. If there is no jurisdiction, the court has no power to act." (internal citations omitted)); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) ("It is . . . axiomatic that where there is no jurisdiction, 'the power of the court to act is as absent as if it did not exist,' . . . and any order entered by a court having no jurisdiction is void.'" (internal quotation omitted) (quoting *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding))). The Texas Constitution empowers the legislature to fix the limits of our appellate jurisdiction, *see* Tex. Const. art. V, §§ 1, 6; it does not empower us to jump those limits. Nor does the federal constitution require us here to enlarge our jurisdiction beyond the legislature's set limits. The federal constitution "does not require a state to provide appellate courts or a right to appellate review of criminal convictions," meaning that a "state may limit or even deny the right to appeal a criminal conviction." *Ex parte Shumake*, 953 S.W.2d 842, 843–44 (Tex. App.—Austin 1997, no pet.). "There are no due process rights to an appeal." *Id.* at 844. Given these principles, it stands to reason that we may not enlarge our jurisdiction in the way Diez asks.

## APPLICATION FOR WRIT OF HABEAS CORPUS

Diez's notice of appeal says that he is appealing a "denial of motion for personal bond." That denial was made by an order that lists all the filings that the order was denying. One of the filings listed was a September 2020 pretrial application for writ of habeas corpus.[2]

---

[2] Generally speaking, defendants may appeal denials of pretrial applications for writ of habeas corpus about the denial or excessiveness of bail. *See Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (considering appeal from denial of application for writ of habeas corpus under Code of Criminal Procedure article 17.151); *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[P]retrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy.'" (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010))); *Ex parte*

4

That application is now moot. After he filed the application, Diez, in June 2021, posted bond. The "premise of [Diez's] habeas corpus application is destroyed by" the "subsequent development[]" of his posting bond, which makes "the legal issues raised thereunder . . . moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (per curiam); *accord Margoitta v. State*, 994 S.W.2d 336, 339 (Tex. App.—Waco 1999, no pet.); *see also Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) ("Aside from double-jeopardy issues, pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release."). The proper remedy is to dismiss this portion of the appeal. *Ex parte Guerrero*, 99 S.W.3d at 853.

## CONCLUSION

We dismiss this appeal.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed

Filed: April 28, 2022

Do Not Publish

---

*Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus.").