COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | No. 08-23-00159-CR |
| EX PARTE | § | Appeal from the |
| JORGE JUAREZ, | § | 346th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 20220D02497) |

## CONCURRING OPINION

I agree with the denial of Juarez's pretrial petition for a writ of habeas corpus but for different reasons. As I construe his position, Juarez contends the statutes providing for 17-year-olds to be prosecuted and convicted as adults are unconstitutional on their face and as applied to him in that they cause (1) punishment as an adult upon conviction, and (2) pretrial confinement in an adult facility rather than a juvenile facility. Before addressing the merits of Juarez's challenges, I would examine whether they are cognizable in the extraordinary procedural vehicle through which he raises them. In general, the cognizability of a constitutional challenge to a statute through a pretrial writ of habeas corpus turns on whether success would result in the defendant's immediate release.[1]

---

[1] *See Ex parte Couch*, 629 S.W.3d 217, 217 (Tex. Crim. App. 2021) (per curiam) (recognizing that a "pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant,

## PUNISHMENT AS AN ADULT

To the extent Juarez bases his writ application on potential punishment in light of the sentencing scheme resulting from prosecuting a 17-year-old as an adult, "[t]he constitutionality of the sentencing statute will become an issue only if" Rodriguez "is found guilty . . . and unconstitutionally sentenced, at which time he may raise his complaint on direct appeal." *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *see also Ex parte Weise*, 55 S.W.3d at 619–20 (discussing bringing issues via habeas corpus versus post-conviction appeals). Thus, if Juarez's present challenge regards his *potential* punishment as an adult if convicted, that as-applied challenge is premature. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011) (holding that defendant's as-applied challenge to the death penalty statute was premature where he had neither been convicted or sentenced to death). Moreover, any challenge to the constitutionality of the sentencing scheme is not cognizable in a pretrial writ of habeas corpus. For "even if resolved in the defendant's favor, [the question presented] would not result in [his] immediate release." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Accordingly, I would affirm the denial of his writ application and refrain from addressing the merits of Juarez's purported challenge to the statutory sentencing scheme in the appeal before us.

## PRETRIAL DETENTION IN AN ADULT FACILITY

To the extent Juarez bases his writ application on his pretrial detention in an adult facility, I understand it as a constitutional challenge to his conditions of confinement under the Eighth

---

would not result in immediate release.") (citing *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001)); *see also Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) ("Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release.").

Amendment. I acknowledge the expert testimony (a) speaking to Juarez's cognitive and psychosocial underdevelopment, and (b) intimating that detaining him in an adult facility does not provide the type of environment that would facilitate the realization of the penal system's goals. But Juarez has not cited any cases for the proposition that being detained in an adult facility as a 17-year-old—or even as a higher-needs, underdeveloped 17-year-old—prior to trial violates the Eighth Amendment. Nor am I aware of any.

A violation of one's Eighth Amendment rights in terms of conditions of confinement requires proof that a person is being deprived of the "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).[2] In his briefing, Juarez asserts he is "locked up" with more "hardened [adult] criminals" while awaiting trial and deprived of "the opportunities for rehabilitation and protections available in the juvenile system," thereby raising the possibility that he will be too "hardened" to be rehabilitated if he has to remain in the adult system much longer. Even if Juarez is correct that an adult facility deprives 17-year-olds—and him specifically as a higher-needs, underdeveloped 17-year-old—of more appropriate rehabilitative options and protections offered in the juvenile system, what we must assess is whether this constitutes an Eighth Amendment violation. And Juarez has not shown how the conditions of his confinement rise to such a level.

Accordingly, I would uphold the trial court's denial of Juarez's application for a pretrial writ of habeas corpus.

---

[2] For example, to prove a claim of Eighth Amendment cruel and unusual punishment in the "prison-conditions" context, an incarcerated person must demonstrate that: (1) the deprivation alleged was "sufficiently serious"; and (2) the prison official's conduct constituted an unnecessary and wanton infliction of pain. *Farmer v. Brennan*, 511 U.S. 825, 834, (1994). Thus, an Eighth Amendment violation may occur when a prison official acts in "wanton disregard" for an inmate's welfare in depriving them of a fundamental need, such as food, warmth, exercise or medical care. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Estelle v. Gamble*, 429 U.S. 97,104 (1976) (recognizing that an Eighth Amendment violation may be premised upon a deliberate indifference to an inmate's "serious medical needs").

LISA J. SOTO, Justice

April 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Soto, J., concurring

(Do Not Publish)