

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00063-CR

_____

RADHAKRISHNA YERRAMNENI, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1905346

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Radhakrishna Yerramneni attempts to appeal from the trial court's order denying his "Motion for Mandatory Release Under [Article] 17.151."[1] The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Ragston*, 424 S.W.3d at 52. "The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus." *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978); *White v. State*, No. 02-17-00211-CR, 2017 WL 3633301, at *1 n.2 (Tex. App.—Fort Worth Aug. 24, 2017, no pet.) (mem. op., not designated for publication).

We notified Yerramneni of our concern that we lack jurisdiction over his appeal and warned that we could dismiss the appeal for want of jurisdiction unless, within ten days, he or any other party showed grounds for continuing it.[2] *See* Tex. R. App. P. 43.2(f), 44.3. After more than ten days had passed, Yerramneni untimely

---

[1]Yerramneni filed an "Emergency Motion for Immediate and Mandatory Pretrial Release Under 17.151 Petition for Discretionary Review."

[2]The State timely responded and argued that we lack jurisdiction over the appeal because the denial of Yerramneni's pretrial bail motion is not an appealable order.

responded. In his response, Yerramneni requested that we construe his motion to reduce bail as a pretrial application for writ of habeas corpus. The denial of relief from a pretrial application for writ of habeas corpus is immediately appealable, but the denial of a pretrial motion that is not cognizable as a writ application may be appealed only after conviction and sentencing. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

We decline Yerramneni's suggestion that we consider his motion the equivalent of an application for writ of habeas corpus. *See Ex parte Ragston*, 402 S.W.3d 472, 479 (Tex. App.—Houston [14th Dist.] 2013 , *aff'd*, 424 S.W.3d 49 (Tex. Crim. App. 2014) (declining to consider motion for bond reduction as a denial of an application for a writ of habeas corpus). Yerramneni's motion makes no reference whatsoever of requested habeas relief, and it does not appear that the parties or the trial judge treated it as such.[3] We conclude that Yerramneni's motion to reduce bail did not invoke habeas relief, and thus we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.[4] Tex. R. App. P. 43.2(f); *Ragston*, 424 S.W.3d at 50–52.

---

[3]The trial court's order recites, "After hearing argument regarding the Defendant's 'Motion for Mandatory Release Under [Article] 17.151,' the Court denies the Defendant's *motion*." [emphasis in original] The order reflects that the trial court viewed the filing as a pretrial motion—not an application for writ of habeas corpus.

[4]We dismiss any pending motions as moot. *See Ward v. State*, No. 02-21-00005-CR, at *1 (Tex. App.—Fort Worth Mar. 25, 2021, no pet.) (per curiam) (mem. op., not designated for publication).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 30, 2026

4